Whaley, Chief Justice,
delivered the opinion of the court:
This case was heard on the defendant’s demurrer and plea to the jurisdiction.
The averments of the petition may be summarized as follows:
*281 The plaintiff entered the foreign service of the United States in March of 1934, at which time he was assigned and thereafter served as a junior clerk to the American Embassy at Moscow, Russia.
On or about October 1,1939, he was transferred therefrom to the American Embassy at London, England, where he served as a junior clerk (code clerk) at a basic salary of $2,250 per annum, from which regular deductions were made for contribution to the “Civil Service Retirement and Disability Fund.”
On May 20, 1940, he was dismissed from his employment as junior clerk (code clerk) of the Embassy at London at the order of the Ambassador to Great Britain without a hearing by the Secretary of State or written charges against him.
On that day, May 20, 1940, the American Ambassador waived any right of diplomatic privilege, which waiver was confirmed by the State Department, and the plaintiff was immediately arrested by the British authorities on a charge of obtaining documents contrary to the Official Secrets Acts of the United Kingdom, with communicating to another person documents that might be useful to an enemy, and with the larceny of two of those documents. He was indicted, tried, convicted, sentenced and served a term of years in a British prison.
He sues for salary at the rate of $2,250 per annum from May 20, 1940, down to the present time, plus travel expense from London to his residence in the United. States, on the ground that his dismissal was illegal and of no effect.
There are numerous conclusions of law in the petition, which, of course, for the purposes of the demurrer, are not to be taken as admitted.
At the outset the plaintiff represents that “this suit is for the collection of the salary of the plaintiff as a Foreign Service Officer? [Italics supplied.]
Other averments are to the effect that plaintiff comes within the provisions of certain statutes that apply to foreign service officers.
If the allegations of the petition as to ihatters of fact, conjoined with the law of the case, show that plaintiff was a clerk and not an officer, the plaintiff’s conclusion that he was *282 an officer avails him nothing. We think that he does allege facts that show he was a clerk, not an officer, and that he was an officer is a mere conclusion on his part.
The act approved February 23,1931, 46 Stat. 1207, grades and classifies clerks in the Foreign Service with their basic compensation as follows:
P zn os o S o O t — 11 • 02 02 to £. OS _ Q ° CO 02 p - ■€£■ 02 ° *3 3)0 CO
o p 02 02 o 02 02 3 fcfc i X > CD Pu CD CO. CD o 1-i & p CO 02 - > 02 'Ü; O 2 P ¡j
The foregoing is contained m Section 1 of the act. Sections 9 and 10 are at length as follows:
Seo. 9. That the official designation “Foreign Service officers,” as employed throughout this Act, shall be deemed to denote permanent officers in the Foreign Service below the grade of minister, all of whom are subject to promotion on merit and who may be appointed to either diplomatic or consular positions or assigned to serve in the Department of State subject to section 21 of this Act, at the discretion of the President.
Sec. 10. That the officers in the Foreign Service shall hereafter be graded and classified as follows with the salaries of each class herein affixed thereto, except as increases in salaries are authorized in section 33 of this Act, but not exceeding in number for each class a proportion of the total number of officers in the service represented in the following percentage limitations :
Ambassadors and ministers as now or hereafter provided : Foreign Service officers as follows: Class 1, 6 per centum, $9,000 to $10,000; class 2, 7 per centum, $8,000 to $8,900; class 3, 8 per centum, $7,000 to $7,900; class 4, 9 per centum, $6,000 to $6,900; class 5, 10 per centum, $5,000 to $5,900; class 6,14 per centum, $4,500 to $4,900; class 7, $4,000 to $4,400; class 8, $3,500 to $3,900; unclassified, $2,500 to $3,400: Provided, That as many Foreign Service officers above class 6 as may be required for the purpose of inspection may be detailed by the Secretary of State for that purpose.
As plaintiff’s basic salary was $2,250 and he was employed as a junior clerk, he was a clerk and not an officer. The proposition is so plain and simple that it needs no support.
It follows that the plaintiff was not entitled to the statutory protection afforded officers of the Foreign Service.
*283 The statutes cited and quoted in petition and briefs relating solely to those officers, do not affect the plaintiff and plaintiff may not take advantage of them.
The plaintiff was charged with malfeasance in office. He alleges that he did not resign, and stresses that fact. In effect, he says that as to continuance of his employment the situation was within his own control and not within the control of the Ambassador.- We cannot assent to such a theory, nor can we conceive how an Ambassador could carry out the important duties entrusted to him, and they were most important, and at the same time harbor and continue in employment a clerk engaged in encoding and decoding highly confidential messages, when the Ambassador had very good reason to suppose that the clerk had been thieving embassy documents.
No statute has been cited that prohibited the Ambassador from summarily dismissing the plaintiff, and we are of the opinion that he acted with full authority.
In his brief, counsel for the plaintiff says:
Since the petition alleges a cause of action under the provisions of the Act of Feb. 23, 1931, and under K. S. 1740 and other statutes relating to Foreign Service officers, we are inclined to agree that it does not allege an action under the provisions of the Act of Aug. 24, 1912.
The petition does predicate jurisdiction in part upon section 6 of the act of August 24, 1912, 37 Stat. 539, 555. Section 6 regulates the procedure for removal of persons in the classified civil service. It is not alleged that the plaintiff was in the classified civil service, nor are there any allegations from which such an inference may be drawn. The plaintiff therefore must be taken as not under the protection of the act of August 24,1912.
The opinion given herein disposes of the issue and it is unnecessary to go into other matters briefed by the parties.
The demurrer is well taken and is sustained.. The-petition is dismissed, and it is so ordered.
JoNes, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Madden, Judge, took no part in the decision of this case.