LaRamoRE, Judge,
delivered the opinion of the court:
This is an action by plaintiff to recover damages for an alleged wrongful termination of employment by the Central Intelligence Agency.
Plaintiff alleges that he was terminated in violation of the Veterans’ Preference Act of 1944, as amended, 5 U.S.C. 851 et seq., the regulations of the Civil Service Commission and of the Central Intelligence Agency.
*33 Defendant contends that plaintiff’s termination was pursuant to the authority granted the Director of the Central Intelligence Agency by section 102(c) of the National Security Act of 1947, 61 Stat. 495, 498, and as set forth in Regulation 20-740.
The case arises on cross-motions for summary judgment and presents two questions: (1) whether the Director of the Central Intelligence Agency had discretion to terminate plaintiff’s employment with the Agency when the Director deemed such termination either necessary or advisable in the interests of the United States, and (2) whether the agency violated its own regulation in terminating plaintiff’s employment.
The facts are summarized as follows: Plaintiff was employed by the Central Intelligence Agency as a Document Analyst, Grade GS-12, at an annual salary of $8,570, prior to his dismissal on March 16, 1959. His position was a secretive one and its description is classified. This is made evident by the oath taken by plantiff as an incident to employment to the effect that he would never divulge or reveal any classified information, or intelligence, or the methods of collecting and handling such information or intelligence. He further agreed that no change of assignment or employment would ever relieve him of such obligation.
On February 10, 1959, the Director of the Central Intelligence Agency determined that termination of plaintiff’s employment was necessary and advisable in the interests of the United States. The Director then, exercising his discretion under the authority granted by section 102(c) of the National Security Act of 1947, supra, terminated plaintiff’s employment.
Plaintiff thereafter sought to appeal this termination of employment to the Civil Service Commission. An appeals examiner of the Civil Service Commission determined that plaintiff was separated from his position in the Central Intelligence Agency pursuant to section 102(c), supra, and determined that the Director of the Central Intelligence Agency could terminate the employment of an employee of the Agency whenever he deemed it to be in the interests of *34 the United States, notwithstanding the provisions of the Civil Service Act, the Veterans’ Preference Act or the provisions of any other law. The examining officer further stated that plaintiff’s contentions, supra, concerning the Central Intelligence Agency’s failure to follow its own regulations were not within the jurisdiction of the Civil Service Commission and were, therefore, referred to the Central Intelligence Agency for whatever action it deemed appropriate.
The decision of the appeals examining officer was then appealed to the Board of Appeals and Review of the Civil Service Commission which, on June 26,1959, after reviewing the case, again stated that neither the Civil Service Act nor the Veterans’ Preference Act, nor any other law, is applicable to termination of employment under the authority of section 102(c) of the National Security Act, supra. The decision of the appeals examining officer was affirmed.
On June 2, 1959, as a result of plaintiff’s allegations that the Agency had failed to follow its own regulations in terminating plaintiff’s employment, the General Counsel of the Central Intelligence Agency wrote plaintiff stating that the only administrative regulation of the Agency, applicable to termination of employment under section 102(c), was Regulation 20-740.
Later, on July 9, 1959, the Agency further informed plaintiff that the Agency found no basis for plaintiff’s allegation that it had failed to follow its own regulations.
This suit resulted, and claim is made by the plaintiff that he first learned of the possibility of his being dismissed in November of 1958 and that no mention of his dismissal pursuant to section 102(c), supra, was made until February 13, 1959. Plaintiff further contends that he was lead to believe that he was to be dismissed pursuant to the “selection out” program of the Agency, procedures for which were provided for within the Agency (Regulation 20-705).
Plaintiff then alleges and contends that he was not given the protection of those procedures although he requested the same.
*35 Regulation 20-705, dated January 30, 1959, reads as follows:
1. GENERAL
a. This regulation states the requirements and procedures applicable to certain separation actions. This regulation governs the separation of Agency employees for all reasons except reduction in force, entry into military service, separation based on adverse findings of a security hearing board, and termination by the Director under the authority granted him by section 102(c) of the National Security Act of 1947 (61 Stat. 495, 50 U.S.C. 401, P.L. 253,80th Congress, first session), as amended, and as set forth in Regulation, No. 20-740.[1]
It is noted that the above Regulation specifically provides that it is not applicable to termination under section 102(c) of the National Security Act, supra.
Regulation 20-740, dated November 1, 1954, under which defendant contends that plaintiff’s employment was terminated, reads as follows:
1. statutory powers oe the director oe central INTELLIGENCE
The Director of Central Intelligence is empowered to terminate the employment of any officer or employee of the Agency whenever he deems such action necessary or advisable in the interests of the United States. Termination action under this authority, quoted below, is within the sole discretion of the Director of Central Intelligence, and no appeals procedure is provided for by law.
“Notwithstanding the provisions of Section 6 of the Act of August 24,1912 (37 Stat. 555), or the provisions of any other law, the Director of Central Intelligence may, in his discretion, terminate the employment of any officer or employee of the Agency whenever he shall deem such termination necessary or advisable in the interests of the United States, but such termination shall not affect the right of such officer or employee to seek or accept employment in any other department or agency of the Government if declared eligible for such employment by the United States Civil Service Commission.”
*36 2. EMPLOYMENT REVIEW BOARD
The Director may appoint an Employment Review Board to advise him concerning any particular case.
‡ ‡
Cases are legion holding that the Government, as an employer, has the right to terminate the employment of any of its employees at any time, providing there is no statute or regulation limiting this right. Bailey v. Richardson, 182 F. 2d 46, affirmed 341 U.S. 918; Kent v. United States, 105 Ct. Cl. 280.
In the instant case, we can find no regulation that was violated. All the exhibits, together with the affidavits of the Director of the Central Intelligence Agency, disclosed that plaintiff’s employment was terminated pursuant to section 102(c), supra, and Regulation 20-740 thereunder, and clearly this statute and regulation gave the Director of the Central Intelligence Agency the absolute right to terminate any employee whenever he deemed it necessary or advisable. Under these circumstances the Agency was within its rights when it terminated plaintiff’s employment, and the Civil Service Commission correctly declined to overturn the decision of the appeals examining officer.
Moreover, even if, as plaintiff alleges, the original bases for dismissal were under something different from section 102(c), certainly the final action was under section 102(c), and we know of no provision of law or regulation that would prevent the Agency Director from changing the character of dismissal. As a matter of fact, there is precedent for permitting a change in its method of procedure before plaintiff’s employment was terminated. Atkinson v. United States, 144 Ct. Cl. 585; Hoppe v. United States, 136 Ct. Cl. 559, cert. denied 355 U.S. 816; Misuraca v. United States, 135 Ct. Cl. 387; DeBusk v. United States, 132 Ct. Cl. 790, cert denied 350 U.S. 988; Thomas v. Ward, 225 F. 2d 953, cert. denied 350 U.S. 958. However, we do not think the Director did deviate from the original path. At all times, the only regulation which applied under section 102 (c) was the quoted Regulation 20-740 that contained a copy of section 102(c), supra, and this is the only regulation relied on by the Director.
*37 It is true that the Executive Officer of the Office of Personnel of the Central Intelligence Agency did fully explain to plaintiff the reasons for proposed dismissal and invite him to reply to same. However, there was no regulation requiring such action. This was purely a voluntary act and in no sense could give rise to a contention that because he did this some other course should have been taken which embraced some regulation other than that under which plaintiff was dismissed. Furthermore, the Executive Officer specifically stated in his memorandum to plaintiff that final action would be taken by the Director pursuant to the National Security Act, supra, and the memorandum further stated that Regulation 20-740, supra, was the only regulation specifically concerned in a case of this sort.
The fact that plaintiff was given the opportunity to accept a lesser job does not affect the procedures above outlined. Plaintiff’s brief contains a statement to the effect that plaintiff’s employment as a Grade GS-12 was not in the interests of the United States, but that his employment as a Grade GS-9 was in the interests of the United States. In this respect, we can think of many reasons why plaintiff’s employment as a Grade GS-9 could be in the interests of the United States, while employment as a Grade GS-12 would not be. We do not know, because of the necessary secrecy involved, what duties are attached to the various grades within the Agency. We do know, however, from human experience that the higher the office the greater the responsibilities and consequent security aspects. In the light of this, we can find no fault with the statute and regulation which gave plaintiff the right, if declared eligible, to accept employment in any other department or agency of the- Government, and by the same token gave the Agency authority to offer a lesser position.
For the reasons stated above, we hold that no regulation of the Central Intelligence Agency was violated when plaintiff’s employment was terminated and, consequently, the action of the Civil Service Commission could not be arbitrary, capricious or contrary to law. Since all pertinent regulations were followed, the Supreme Court’s decision in the case of *38 Service v. Dulles, 354 U.S. 363, and this court’s decision in Watson v. United States, 142 Ct. Cl. 749, are inapplicable.
Defendant’s motion for summary judgment is granted, and plaintiff’s cross-motion is denied. Plaintiff’s petition will be dismissed.
It is so ordered.
Eeed, Justice {Bet.), sitting by designation; Durfee, Judge, and Jones, Chief Judge, concur.

 Plaintiff seems to say that Regulation 20-705 contained something different from the quoted regulation at the time of his termination. His petition and brief are silent on this point and contain no citation or copy of any other regulation.