John A. **HENNEBERGER**
v.
The **UNITED STATES.**
No. 71–67.

United States Court of Claims.
March 14, 1969.

Samuel T. Ansell, Jr., Washington, D. C., attorney of record for plaintiff. Gaines A. Tyler, Jr., and Ansell & Ansell, Washington, D. C., of counsel.

Charles M. Munnecke, Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

### ON PLAINTIFF'S MOTION FOR REHEARING

SKELTON, Judge.

The plaintiff's motion for rehearing is denied for the following reasons:

1. The plaintiff is estopped from claiming after judgment has been entered that a part of Navy Regulation 044189–1, cited in our opinion, was not in force when his claim arose, because he represented to the court that he based his claim upon such regulation by:

a. Specifically and affirmatively pleading it in paragraph V of his original petition.

b. Quoting it as the law involved on page 3 of his brief in support of his mo-

tion for summary judgment, and arguing on pages 7 and 8 that it is invalid.

c. Failing to challenge defendant's statement on pages 3 and 5 of its brief that it was the applicable regulation involved.

d. Failing to show any reason or excuse for failing to discover until after judgment that a part of the regulation was not in force when his claim arose.

e. Failing to comply with Rules 68 and 69 of the court.

2. Both parties submitted the case to the court on the theory the regulation was in force when plaintiff's claim arose and the court so considered it.

■ 3. The judgment is correct (on the merits) even if the cited regulation was not in force. This is true because the plaintiff never, at any time, offered to serve in the Navy except under an *active duty agreement*. An active duty agreement is defined and described in the regulation BuPers Instruction 1120.-22C cited on page 7 of our opinion and is also described by the Congress in Title 10 U.S.C. §§ 679–680. In short, it is an agreement or contract between the officer and the Navy that provides for his service in the Navy for not less than one nor more than five years (as agreed upon). During this period the officer cannot be released from active duty without his consent, except under the special circumstances set forth in Title 10 U.S.C. § 680, without an opportunity to be heard. If there is a reduction in force, he is given preference over other officers serving on active duty without an active duty agreement. In the event he is released from active duty without his consent before the end of his agreement, he is entitled to be paid an amount computed by multiplying the number of years or fraction of a year of his unexpired period of service under the agreement by the sum of one month's basic pay, special pay and other allowances to which he is entitled at the time of his release.

■ It is clear that service under an active duty agreement is quite different to service on active duty without such an agreement. Service on active duty without an active duty agreement is described in Regulation C–15301 in footnote 2 on page 8 of our opinion. An officer serving under such circumstances can be dismissed at any time by the Navy without notice and is not entitled to the pay mentioned above for an officer who is dismissed while serving under an active duty agreement.

■ The plaintiff's offer to serve under an active duty agreement was not accepted by the Navy because the policy of the Navy prevented such acceptance since he was in a "failure of selection status." After his offer was rejected, the plaintiff never at any time offered to serve unconditionally on active duty without an active duty agreement. He accepted his release from active duty and even requested that he be separated in Hawaii where he had been serving instead of in the continental United States, which request was granted. Consequently, his separation was a voluntary one.

Plaintiff sued in this case for readjustment pay as if he had volunteered for an unconditional extension of active duty without an active duty agreement and had been rejected. This had not been done. Accordingly, he was not entitled to the readjustment pay. Neither was he entitled to the separation pay allowed by Title 10 U.S.C. § 680 described above, because he was not being separated prior to the end of the active duty agreement under which he was then serving. Of course, he did not claim nor sue for the Title 10 U.S.C. § 680 pay.

Our judgment is correct whether the regulation plaintiff complains of was in effect or not. It is wholly unnecessary to the validity of the judgment.

Accordingly, plaintiff's motion for rehearing is denied.

COLLINS and NICHOLS, JJ., dissent.