"This civilian pay case is before us on the petition, defendant’s motion for summary judgment, and plaintiffs opposition thereto.
"Plaintiff is black. In 1970 he was 'hired into’ the Federal Highway Administration, Civil Rights Division, as a GS-7 trainee, with a promotion commitment as follows:
Upon satisfactory completion of the training program, employees are eligible for promotion to the next highest grade level * * *
which was GS-9. Defendant concedes that, for purposes of its motion, he did complete the training program satisfactorily, his superiors, who purported to determine the contrary, having been overruled by the Civil Service Commission. But the Commission did not order his promotion. He was not promoted, and in 1972 was removed under a R.I.F., while still a GS-7. He prosecuted a complaint of racial discrimination, and sued in the U.S. District Court, which found that all the discrimination was in plaintiffs favor. The D. C. Circuit affirmed. These decisions are unreported.
"Plaintiff attempts here to frame a cause of action that is not barred by the findings in the former decision. This accounts for the relative narrowness of the issue he tenders for our decision. He says in substance that he had a legal right, upon satisfactory completion of his trainee period, to be promoted to GS-9, and no GS-9 position was abolished in the R.I.F. Hence he would have remained on the payroll and have moved up the promotion ladder as he became eligible to higher grades, to GS-12 at present, with periodic step increases, besides. He sues for the difference between *970 the pay of those grades and pay received, plus reinstatement.
"The difficulty is that without having been promoted or become legally entitled to promotion, plaintiff cannot sue here for the pay of the positions he claims. Peters v. United States, 208 Ct. Cl. 373, 534 F.2d 232 (1975). Eligibility for promotion is not the same thing as legal entitlement and does not sustain our jurisdiction to grant relief. Doggett v. United States, 207 Ct. Cl. 478 (1975). Assuming then, that plaintiff was eligible for promotion from the completion of this training period until he was R.I.F.’d, that does not show he was promoted or legally entitled to promotion.
"Since the claim to pay of a GS-9 fails, the claims to subsequent higher grades likewise fail, as does the claim to reinstatement, which can be ordered only as an incident to monetary relief.
"Accordingly, upon consideration of the motion and plaintiffs opposition, but without oral argument, it is ordered that defendant’s motion for summary judgment be granted and that the petition be dismissed.”
Plaintiffs petition for a writ of certiorari was denied March 20, 1978.