On June 22, 1979 the court entered the following order:
*706 Before Kunzig, Judge, Presiding, Cowen, Senior Judge, and Smith, Judge.
This pro se civilian pay case comes before the court on the parties’ cross-motions for summary judgment. Plaintiff contends that the Central Intelligence Agency (CIA or Agency), although exempt from the provisions of the Classification Act (the Act), 5 U.S.C. § 5101, et seq. (Supp. II, 1965-66), nonetheless has adopted a policy of wholesale adherence to the Act, and is bound by its provisions. Plaintiff alleges he was employed by the CIA and the Agency failed properly to compensate him under the Classification Act. The Government counters that although the Agency does have some provisions in common with the Act, the Agency has wide discretion to formulate its own pay policies irrespective of the Act. We hold for the Government.
Plaintiff was a career staff employee of the CIA from 1950 until his retirement in August 1978. In February 1971, plaintiff was promoted to a GS-15 level within the Agency. Thereafter, on June 18, 1973, while still being paid at a GS-15 rate, plaintiff was transferred to another position within the Agency which was graded at a GS-16 level. General CIA policy with regard to assignments, as stated in applicable regulations, is that the "paramount consideration . . . will be the needs of the Agency” and that individual and personal circumstances "must be subordinated to Agency requirements.” Plaintiffs assignment was taken pursuant to CIA regulation HR 20-17d which provides for assignments to positions of higher grade for training purposes or when the employee is the best qualified available person at the time for the position. Plaintiff continued to perform the duties of his new position while at all times receiving compensation commensurate with a GS-15 salary.
In April 1977, plaintiff submitted a claim to the CIA in the amount of approximately $10,000, such sum representing the additional salary he would have received had he been compensated at a GS-16 rate since June 18, 1973. Plaintiffs claim was denied by the Director of the Agency on August 8, 1977. Thereafter, on February 1, 1978, plaintiff timely brought suit in this court.
Plaintiff contends that as the incumbent of a GS-16 position, he is entitled by the official policies, regulations *707 and directives of the CIA to be paid at a GS-16 salary rate from June 18, 1973 until August 25, 1978. Although the CIA is specifically exempt from the provisions of the Classification Act, see 5 U.S.C. § 5102(a)(l)(vi), plaintiff argues to the extent the Agency has adopted provisions of the Classification Act, the Agency is bound to comply with such provisions.
Principal reliance is placed by plaintiff on two directives issued by the Director of the Agency. The first, issued in 1949, stated in part that the Agency would be "governed by the basic philosophy and principles of the Classification Act. . .” The second, issued in 1962, reaffirmed the earlier directive stating in part that "the agency, insofar as practicable, will adhere to the compensation schedules and other provisions of the Classification Act of 1949 ... for all staff personnel of the Agency except as may be otherwise authorized by the Director of Central Intelligence.” (emphasis added). These directives, plaintiff contends, indicate that the Agency has, in effect, adopted the provisions of the Classification Act in regard to compensation schedules and is bound by such provisions. We disagree.
Although the Agency has in some instances adopted personnel policies similar to those contained in the Classification Act, there are also numerous differences.[1] We do not believe the impact of the two directives discussed above was — as plaintiff suggests — to effect a wholesale adoption of Classification Act practices. Rather it merely indicated the desire of the Agency to emulate the basic principles of the Act, while at the same time, retaining the right to formulate its own personnel policies consistent with the unique needs of the CIA.
Plaintiffs transfer to his new position on June 18, 1973 was made pursuant to CIA regulation HR 20-17d. As discussed supra, the regulation provides that an employee may occupy a position of a grade higher than his grade when:
(1) for training purposes the assignment is intended to afford the employee broader developmental opportunities in his career field; or (2) the employee is the best qualified person available at that time for the position.
*708 Although the Agency has a general policy of assigning employees to a position at the employee’s grade, HR 20-17d is a specific exception to such policy. Thus, from the plain language of the quoted regulation itself, it is clear that the assignment of plaintiff to a position that was higher than plaintiffs grade without a salary or promotion increase was authorized under CIA regulations.[2] Insofar as the CIA is, by virtue of the exigencies of its special functions, exempt from the Classification Act, these regulations are permissible under existing law.
Plaintiffs case is similar, as the Government urges, to our decision in Peters v. United States, 208 Ct.Cl. 373, 534 F. 2d 232 (1975). Since plaintiff has failed to show any specific entitlement to the higher pay of a GS-16 from any specific statute or regulation, his claim must fail. "For the court to order a promotion where the agency has failed to do so there must be a clear legal entitlement to such promotion.” Peters, supra at 377; Selman v. United States, 204 Ct.Cl. 675, 686, 498 F. 2d 1354, 1359 (1974).
As a final observation, we note that over the course of plaintiffs service with the CIA he has at times been assigned to positions of a lower grade than that indicated by the pay he was receiving. Plaintiff, although at all times having access to all pertinent CIA personnel regulations, never complained when he benefitted and should not now be heard to complain when the situation is reversed. See, e.g., Peters, supra; Steur v. United States, 207 Ct.Cl. 282 (1975); Weir v. United States, 200 Ct.Cl. 501, 474 F. 2d 617, cert. denied, 414 U.S. 1066 (1973).
In conclusion, we hold that plaintiff has failed to convince the court that the CIA has abdicated its discre-tionery authority to establish its own rules and regulations in regard to compensation of its employees in favor of those outlined in the Classification Act. The CIA, because of its unique and specialized functions, was granted by Congress *709 the authority to formulate its own personnel policies consistent with those unique needs of the Agency. We, therefore, are compelled to hold and do so hold that the CIA’s personnel practices, about which plaintiff complains, are valid exercises of the Agency’s power.
Accordingly, it is therefore ordered, upon careful consideration of all original and supplemental submissions of the parties, with oral argument, that plaintiffs motion for summary judgment is denied. Defendant’s motion for summary judgment is granted, and the petition is dismissed.

 As examples, the overtime rules, performance evaluation system, management of supergrades, and procedures for involuntary separations are all different.

 Plaintiff contends that CIA regulations necessitate documentation where, as here, an employee is “detailed” to a position outside of his career service or to temporary work for 30 days or more in development complement status. However, plaintiffs transfer constituted an “assignment” under Agency regulations, not a “detail.” Plaintiff was a career administrative officer and his assignment was made to another administrative position. Therefore, since plaintiff was assigned to a position within his career service, i.e., Administrative Career Service, no documentation under CIA regulations was necessary beyond the personnel action.