Civilian pay; claim for back pay; classification; racial discrimination claim; attorney fees. — On April 25, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
In this case, presented to the court on plaintiffs motion for summary judgment and defendant’s cross-motion for summary judgment, plaintiff, a retired civilian employee of the United States Air Force, sues for back pay of $40,000 together with attorney’s fees and actual and punitive damages of $750,000 arising from alleged discrimination. Plaintiffs claim for back pay rests upon the report of a hearing examiner made in response to a grievance filed by plaintiff in 1975. The examiner found that plaintiff functioned as a work leader and performed certain duties as a de facto supervisor of fire truck maintenance for the period from March 1965 to September 1973. The examiner recommended that under the Back Pay Act, 5 U.S.C. §5596 (1976), plaintiff should "equitably” be paid as a WL-10 work leader for the period in question. This recommendation was rejected by the Deputy Assistant Secretary of the Air Force on the ground that no legal processes were available to provide plaintiff with back pay for the higher grade duties performed. Plaintiff had no legal entitlement to appointment or promotion and by accepting the salary of the position he held is estopped in this claim. Marshall v. United States, 215 Ct. Cl. 969 (1977), cert. denied, 435 U.S. 931 (1978); Goutos v. United States, 212 Ct. Cl. 95, 552 F.2d 922 (1976); Peters v. United States, 208 Ct. Cl. 373, 534 F.2d 232 (1975). Plaintiff was never classified for, never filed a completed application for, and was never appointed to, the position for which he claims back pay. Such a position in fact was never authorized or created.
*782 In United States v. Testan, 424 U.S. 392, 407 (1976), the Supreme Court held that "neither the Classification Act [5 U.S.C. § 5101 et seq. (1976)] nor the Back Pay Act creates a substantive right in [federal employees performing the duties of a higher grade] to backpay for the period of their wrongful classification.” Plaintiff seeks by court order to avoid the bar in Testan against retroactive reclassifications by arguing that he has already been reclassified as a result of the action of the hearing examiner. Clearly, the rejected recommendation of the examiner cannot create an entitlement contrary to Testan and the underlying statutes. Since plaintiff therefore cannot recover on his claim for back pay under Testan, we need not reach defendant’s alternative argument that the statute of limitations bars plaintiffs claims for periods prior to October 13,1971.
Plaintiff also alleges discrimination because of his race and age. Under 42 U.S.C. §2000e-5(f) and (g) (1976), the district court is the exclusive forum for the litigation of racial discrimination claims. See Brown v. General Services Administration, 425 U.S. 820, 829, 832, 835 (1976). This court has no jurisdiction to hear racial discrimination claims. Clark v. United States, 212 Ct. Cl. 590, cert. denied, 434 U.S. 839 (1977); Williams v. United States, 212 Ct. Cl. 544 (1976). We must also dismiss plaintiffs claim of age discrimination as plaintiff offers no details as to what acts of discrimination were performed and cites no statute or regulation allegedly violated.
Finally, plaintiff fails to cite any federal statute expressly providing for the recovery of attorney’s fees in his case. Therefore, the general rule established by 28 U.S.C. § 2412 (1976), applies to prohibit any award of attorney’s fees against the United States. Alyeska Pipeline Serv. Co. v. Wilderness Soc’y, 421 U.S. 240, 265-68.(1975).
it is therefore ordered, upon consideration of the parties’ pleadings, briefs, and oral argument, that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.