Civilian pay; dismissal; authority of CIA director to terminate employee; National Security Act of 1947; surplus personnel. — On July 18, 1980 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
These claims by former employees of the Central Intelligence Agency (CIA) for back pay and other collateral and incidental relief are before the court on defendant’s motion for summary judgment and dismissal of the petition. Without oral argument and upon consideration of the submissions of the parties, some of which have been examined in camera, we grant defendant’s motion.
Prior to their separation each of the plaintiffs was employed in essentially administrative work in a directorate of the CIA. None of them was engaged in foreign intelligence gathering or espionage activities. Each received a memorandum written notice pursuant to H.R. 20-27b(l)[1] declaring him excess to the manpower requirements of his directorate.
Plaintiffs Wright and Young, pursuant to H.R. 20-27b(2), appealed to the Director of Personnel of the CIA, who reviewed their appeals and recommended termination of employment. Pursuant to H.R. 20-27b(4) Wright and Young *761 then appealed to the Director of the CIA, who reviewed their appeals and then terminated their employment, pursuant to H.R. 20-27b(5)(b), effective as to Young on July 7,1973, and as to Wright on July 8,1973.
Plaintiffs Baker, Perry, Daum, and Loiacono received similar notices pursuant to H.R. 20-27b(l) but did not utilize the appeal procedures provided by H.R. 20-27b(2) et seq. Two of the plaintiffs retired; effective June 29, 1973, as to Baker, and effective June 30,1973, as to Perry. The other two plaintiffs resigned; effective June 30, 1973, as to Daum, and effective October 25,1974, as to Loiacono.[2]
Plaintiffs base their claims for monetary and other relief on allegations that the CIA wrongfully and illegally used section 102(c) of the National Security Act to terminate employees for reasons other than in the interest of national security. Thus, plaintiffs allege, failure to use other normal procedures of termination under authority available to the CIA as well as to other agencies of the Government violated contract and property rights of plaintiffs and wrongfully deprived them of preferences, privileges, and considerations to which they were entitled under the provisions of other laws, including the Veterans’ Preference Act of 1944, as amended, and U.S. Civil Service Commission regulations thereunder.
Defendant in its answer raises affirmative defenses that (1) plaintiffs who retired or resigned have failed to exhaust their administrative remedies and therefore are barred; (2) all of the plaintiffs have inexcusably delayed prosecuting their claims to the prejudice of defendant and are barred by the equitable doctrine of laches; (3) all of the plaintiffs have failed to state a claim within the jurisdiction of this court; and (4) all of the plaintiffs have failed to state a claim upon which relief may be granted.
In our order of June 22,1979, in Pittman v. United States, 220 Ct.Cl. 705 (1979), we stated that:
* * * The CIA, because of its unique and specialized functions, was granted by Congress the authority to formulate its own personnel policies consistent with those unique needs of the Agency. * * *
*762 We are unable to agree with plaintiffs’ assertion that section 102(c) of the Natiopal Security Act of 1947 applies only when a personnel actipn is necessary or advisable in the interest of national security, nor can we agree that this issue has never been litigated. We conclude that plaintiffs have failed to state a claim upon which relief may be granted, for the reason that the scope of section 102 and a predecessor regulation was raised and broadly interpreted in Rhodes v. United States, 156 Ct. Cl. 31, cert. denied, 371 U.S. 821 (1962). In the opinion in that case, Judge Laramore stated, at page 36:
* * * [CJlearly this statute and regulation gave the Director of the Central Intelligence Agency the absolute right to terminate any employee whenever he deemed it necessary or advisable. * * *
Plaintiffs’ claims are not materially different from those denied by this court in the Rhodes case. That being so, we find it unnecessary to comment upon the other defenses raised by defendant.
it is therefore ordered that defendant’s motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs’ motion for rehearing en banc was denied October 3, 1980, and their petition for a writ of certiorari was denied, 450 U.S. 921 (1981).

 Headquarters Regulation (H.R) 20-27 (rev. 31 Mar. 1970), entitled "Separation of Surplus Personnel,” promulgated by the CIA to establish procedures by which any of its employees could be "declared excess to the manpower requirements of his directorate” and terminated under the authority of section 102(c) of the National Security Act of 1947, as amended, 50 U.S.C. § 403(c) (1970).

 Plaintiff Loiacono’s notification of determination as excess was dated January 31,1974; the other plaintiffs were notified in or around March 1973.