In this civilian pay case, plaintiff alleges that he performed the duties of a GS-15 position while being classified and paid at a GS-14 level. He seeks under the Back Pay Act, 5 U.S.C. § 5596 (1976), a retroactive temporary promotion and back pay amounting to the differential between GS-14 and GS-15 for the period at issue. The case is before the court on defendant’s motion to dismiss plaintiffs first amended petition[1] for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Without oral argument, and for the reasons stated below, we grant defendant’s motion.
For purposes of this motion, we assume that the facts are as plaintiff alleges. According to plaintiff, in 1971 he began employment with the Bureau of Health Insurance, Social Security Administration, Department of Health, Education, and Welfare. On April 28,1974, he was reassigned from the *745 position of "contractors officer” to the newly created and unique position of "program officer.”[2] As was the case with his old appointment, his new appointment was at the GS-14 level. From April 29, 1974, to July 4,1976, while occupying the position of "program officer,” plaintiff was required by his superiors to perform substantially all the duties of a GS-15 position titled "program officer, states.” Throughout this period, the GS-15 position was kept vacant. Finally, in July 1976, plaintiffs application for this position was rejected and one of his subordinates was promoted over him.
This lawsuit followed. In his first amended petition, plaintiff alleges that his appointment to the GS-14 position of "program officer” was, in effect, a camouflaged detail to the GS-15 position of "program officer, states.[3] He alleges further that this constructive detail violated 5 U.S.C. § 3341 (1976) in that the detail lasted over 26 months.[4] On the basis of this alleged improper detail, plaintiff urges that under the Back Pay Act he is entitled (i) to be "retroactively detailed to the position of Program Officer States GS-105-15 from April 29,1974 to August 26,1974,” (ii) to be "awarded a retroactive temporary promotion to [this position] from August 27, 1974 to July 4, 1976,” and (iii) to be awarded "full backpay from April 29,1974 to July 4,1976.”[5]
*746 In its motion to dismiss, defendant characterizes plaintiffs claim as one for damages for wrongful classification. Defendant urges that what plaintiff is actually seeking is an adjudication that (a) the position of "program officer” should have been classified at GS-15 rather than GS-14 and (b) because of the erroneous classification, plaintiff is entitled under 5 U.S.C. § 5596 (1976) to recover the differential between the two classifications for the period at issue. Having thus characterized plaintiffs claim, defendant points out that under United States v. Testan, 424 U.S. 392 (1976), this court lacks jurisdiction of such a claim.
Plaintiff counters defendant’s characterization by noting that he "seeks a retroactive promotion and backpay — not retroactive reclassification of his position.” His point is well taken. His claim is not that the position of "program officer” was erroneously classified as a GS-14; rather his claim is that, by creating this position and appointing him to it, his superiors hoped to camouflage the fact that they were actually detailing him to the GS-15 position of "program officer, states.” Because this camouflaged detail lasted over 26 months, plaintiff argues that it violated 5 U.S.C. §3341. His corollary to this argument is that the detail was an unwarranted personnel action within the purview of the Back Pay Act.
Even though plaintiff correctly describes the nature of his claim, the claim does not avail him for the following reasons. (1) He was never appointed to the GS-15 position of "program officer, states.” In Testan, the Supreme Court observed:
* * * federal agencies continue to have discretion in determining most matters relating to the terms and conditions of federal employment. One continuing aspect of this is the rule * * * that the federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position or claims that he should have been placed in a higher grade. * * *
424 U.S. at 406. Thus, plaintiffs performance of the duties of the stated GS-15 position did not, in itself, entitle him to receive the salary of this position. (2) Plaintiff is estopped from attacking the legality of his constructive detail to the *747 position of "program officer, states.” The estoppel derives from the fact that he willingly served in the detail beyond the 120-day limit prescribed in 5 U.S.C. §3341. "Having accepted the benefits of the detail [one such benefit was the retention of his prospects for promotion], plaintiff is now estopped to attack its legality.” Peters v. United States, 208 Ct. Cl. 373, 378, 534 F.2d 232, 235 (1975). Accord, Goutos v. United States, 212 Ct. Cl. 95, 552 F.2d 922 (1976). (3) Because plaintiffs salary during the period of his constructive detail was the same as it was immediately prior to the detail,[6] "we cannot say he was the victim of an adverse personnel action under the Back Pay Act.” Peters v. United States, supra, 208 Ct. Cl. at 378,534 F.2d at 235.
it is therefore ordered, on the basis of the foregoing considerations, that defendant’s motion to dismiss is granted and plaintiffs first amended petition is dismissed.

 This case was transferred from the United States District Court for the northern District of Illinois, under 28 U.S.C. § 1406(c) (1976), by order of October 22,1980. While neither party had questioned the district court’s jurisdiction, that court held, sua sponte, that it lacked jurisdiction over plaintiffs claim for money damages. Salla v. Califano, 499 F. Supp. 684 (N.D. Ill. 1980). Therefore, this is not a case in which the United States Attorney suggested that the Court of Claims had subject matter jurisdiction. Cf. Clark v. United States, 226 Ct.Cl. 658, cert. denied, 454 U.S. 833 (1981).

 In his first amended petition, plaintiff uses a different descriptive term for the latter position, namely, "Contract Officer States.” However, in his brief in opposition to defendant’s motion to dismiss, he indicates that the first amended petition "contains an error with respect to the proper description of the position he was reassigned to in 1974” and that the proper title of this position is "program officer.”

 According to plaintiff, the "position of 'program officer’ was only created to prevent him from attaining GS-15 status [as 'program officer, states’] and * * * no other Bureau of Health Insurance employees ever were assigned to the position of 'program officer.’ ”

 Section 3341 reads as follows:
"§ 3341. Details; within Executive or military departments
"(a) The head of an Executive department or military department may detail employees among the bureaus and offices of his department, except employees who are required by law to be exclusively engaged on some specific work.
"(b) Details under subsection (a) of this section may be made only by written order of the head of the department, and may be for not more than 120 days. These details may be renewed by written order of the head of the department, in each particular case, for periods not exceeding 120 days.”

 Because the alleged adverse action occurred between 1974 and 1976, the provisions of the Civil Service Reform Act of 1978, Pub. L. No. 95-454,92 Stat. 1111,5 U.S.C. § 552 et seq. (Supp. III 1979), do not apply. See Gaskins v. United States, 221 Ct.Cl. 918 (1979). One provision of the act amended 5 U.S.C. § 5596 to include "omission or failure to take an action or confer a benefit” within the definition of unwarranted "personnel action.”

 It is recalled that the constructive detail commenced when plaintiff was reassigned from the GS-14 position of "contractors officer” to the GS-14 position of "program officer.”