**Ruth A. O'CONNELL**

v.

**The UNITED STATES.**

**No. 112–83C.**

United States Claims Court.

Nov. 1, 1983.

W. Michel Pierson, Baltimore, Md., for plaintiff.

Robert A. Reutershan, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MARGOLIS, Judge.

This civilian back pay case is before the Court on the Defendant's Motion to Dismiss with oral argument.

Plaintiff Ruth A. O'Connell is an employee of the Office of Human Resources, Social

Security Administration, Department of Health and Human Services and has been classified and assigned to the position of Personnel Assistant, GS–9, since May 16, 1978. However, during the period from 1978 until recently, plaintiff performed the duties of a Personnel Management Specialist, a position classified at GS–12. Plaintiff alleges this misassignment and overlong detail is violative of 5 U.S.C. § 3341 (1976), and therefore constitutes an "unwarranted personnel action" under the Back Pay Act, 5 U.S.C. § 5596 (1976 & Supp. V 1981). As a result, plaintiff alleges that she is entitled to receive back pay equal to the difference between the compensation she was paid and the compensation she was entitled to receive as a Personnel Management Specialist.

This Court holds for the defendant because it lacks jurisdiction.

 A Government employee is entitled only to the rights and salary of the position to which she has actually been appointed by one having the authority to do so. *Wilson v. United States,* No. 324–81C (Ct.Cl. Oct. 23, 1981); *See also United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The Court of Claims had consistently dismissed such claims as plaintiff brings here seeking back pay based on an illegal detail.* *Wilson v. United States,* slip op. at 2, and cases cited therein.

 Plaintiff's claim that her detail was an "unwarranted personnel action" within the purview of the Back Pay Act was considered and disposed of adversely to plaintiff's position in *Salla v. United States,* 228 Ct.Cl. 744 (1981). Since plaintiff was never *appointed* to the Personnel Management Position, her performance of these duties did not, in itself, entitle her to receive the salary of this position. *Id.*

* In plaintiff's Response to Defendant's Motion to Dismiss, plaintiff concedes that "[t]here is no question that the *Wilson* case is factually on all fours with the instant case. Thus, if the reasoning of the *Wilson* case is followed, defendant's motion has merit." As a decision of the

The Defendant's Motion to Dismiss is granted, and the Clerk will dismiss the Complaint.

United States Court of Claims, of course, *Wilson* is "binding precedent" on this Court "unless and until modified" by the United States Court of Appeals for the Federal Circuit. General Order No. 1(1), 1 Cl.Ct. XXI (1982).