**GENERAL ELECTRIC COMPANY,**
a Corporation
v.
**The UNITED STATES.**
No. 370–67.

United States Court of Claims.
Oct. 17, 1969.

Francis J. Robinson, Washington, D. C., attorney of record, for plaintiff.

James A. Pemberton, Jr., Washington, D.C., with whom was Asst. Atty. Gen., William D. Ruchelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON DEFENDANT'S MOTION FOR RECONSIDERATION

PER CURIAM:

The defendant has filed a motion for reconsideration raising several points, only one of which merits some further discussion. That argument is that our decision ignores certain Defense Department (and other government) directives said to implement the Anti-Deficiency Act, 31 U.S.C. § 665, and thus to deprive the contracting officer (Lt. Col. McDermott) of all authority to approve the over-run. We do not at all consider this point on its merits, in this case, because it comes far too late in the litigation. These directives —which defendant says, and plaintiff denies, are regulations having the force of law—were not in the record before the Armed Service Board of Contract Appeals, and were not called to the attention of the Board, or of this court until the present motion for reconsideration. But, if relevant, these directives should plainly have been called to our attention long before this. The defendant was alerted to the problem of the contracting officer's authority during the briefing stage, and also by the course of the oral argument. Nevertheless, these directives were not produced and no argument based on them was made to us. The only excuse now given is that defendant's Department of Justice counsel was not apprised of them until after the court's decision. That is not an adequate reason for reopening since these directives, if pertinent at all, were obviously involved in this case and must have been known to the Defense Department.

In these circumstances, we hold that defendant comes before us too late to challenge our holding. Where a new and separate issue is raised *for the first time* in the court's opinion and there decided, a petition for reconsideration (or other post-decision relief) addressed to that question will be approached hospitably because the parties may not have had a fair opportunity to argue or litigate the point. American Potash & Chem. Corp. v. United States 402 F.2d 1000–1002, n. 5, 185 Ct.Cl. 161, 188, n. 5 (1968). But where a party adversely affected by the court's decision on the issue has had fair notice that the question may well be in the case, has had a fair chance to present its position, has failed to do so, and gives no sufficient excuse for its failure, a demand for post-decision relief will normally be rejected. We point out specifically that a new issue or subject can be raised by queries from the bench, and counsel should be alert to this, particularly if the queries are repeated or insistent. A party who feels that the record or briefing, as they stand, inadequately presents his position on that matter should so inform the court at the argument or

promptly thereafter; at the argument he can also ask, if he desires, for leave to file a post-argument memorandum, or promptly after the argument he can file a motion for leave to present such a memorandum. If such a new subject is clearly brought into the case by questions from the bench at the argument, it is not proper practice to wait until after the decision. The court has a right to know before it decides whether the parties have anything further to present.

We have applied to plaintiffs the general principle that requests for post-decision relief will be rejected if the plaintiff has, without sufficient excuse, failed to make his point prior to the decision. *See, e. g.* Henneberger v. United States, 407 F.2d 1340, 187 Ct.Cl. 265 (Mar.1969); Ruderer v. United States, Ct.Cl. No. 85–67, order of February 14, 1969 [412 F.2d 1285]. There is no reason why the same principle should not be applied to the Government.

The motion for reconsideration is denied.

NICHOLS, J., dissents and would grant the motion for reconsideration.