Contracts; sureties; retained contract funds; priority of federal tax lien v. Government's right of setoff. — Plaintiff is a surety company which made payments pursuant to a surety bond to laborera and materialmen under ia contractor’s contract with the Government. Plaintiff seeks retainage funds which defendant has subjected to a tax offset. The court dismissed plaintiff’s petition by an order entered on October 29, *1070 1971. This case again came before the court on plaintiff’s motions for rehearing and for oral argument, together with defendant’s opposition 'thereto and the briefs of the parties in support of their respective positions. On March 17, 1972 the court entered an order reading in part as follows:
* * * Plaintiff now relies on Section 6323, Internal Bevenue Code of 1954, as amended, as having changed the prior law. We have recently had before us the identical contentions, and on March 17,1972, decided in Aetna Insurance Co. v. United States, Ct. Cl. No. 371-70 [ante, at 713] that the statute referred to does not change the prior law respecting offset of tax liabilities of a contractor against sums remaining due and claimed by a surety which had paid laborers and materialmen under a payment bond. We do not think a further oral argument would be in the interests of justice, at this time, without regard to whether defendant, prior to-.the dismissal order, stated the grounds on which it now relies, sufficiently to be “fair notice” under the rule of General Electric Co. v. United States, 189 Ct. Cl. 116, 416 F. 2d 1320 (1969).
IT IS THEBEFOBE OBDEBED, on the authority of Aetna Insurance Co. v. United States, supra, that plaintiff’s motion for rehearing be and the same is denied and it is further ordered that plaintiff’s motion for oral argument is denied.
BY THE COUBT
(Sgd.) WlLSON CoWEN
Chief Judge