**MASON & HANGER–SILAS MASON CO., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 616–71.**

United States Court of Claims.

Oct. 3, 1975.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges.

ORDER

This renegotiation case comes once again before the court, presently on plaintiff's motion for reconsideration and additional trial on certain issues which figured in our decision announced June 25, 1975. Briefly, plaintiff would have us vacate the judgment and remand the case to the Trial Division for further evidentiary hearing on two points: (1) whether 1965 presents an appropriate historical base for purposes of evaluating "normal earnings," 50 U.S.C. App. § 1213(e)(1) (1970); and (2) whether in principle renegotiable profit rate should be thought to decline as sales increase in this line of business. On August 14, 1975, the court allowed the motion of John T. Koehler and Judith A. Yannello for leave to file a brief *amicus curiae* directed to the matters raised by the instant motion. Upon a thorough review of the record and briefs, we conclude that the plaintiff has not demonstrated adequate grounds for the extraordinary relief sought and that the motion must be denied.

■ In *General Elec. Co. v. United States,* 416 F.2d 1320, 189 Ct.Cl. 116 (1969), we considered the standard by reference to which a motion for reconsideration will be evaluated. We recognized that a request for such relief must be received hospitably where the decision has turned upon a point neither briefed nor raised by the parties. A contrary rule applies in the normal case, however:

* * * where a party adversely affected by the court's decision on the issue has had fair notice that the question may well be in the case, has had a fair chance to present its position, has failed to do so, and gives no sufficient excuse for its failure, a demand for post-decision relief will normally be rejected. * * *. [416 F.2d at 1321–322, 189 Ct.Cl. at 117–18.]

We think this rule fully applicable here.

■ Plaintiff tells us that since the Government bears the ultimate burden of proof in this case under *Lykes Bros.*

*S. S. Co. v. United States,* 459 F.2d 1393, 198 Ct.Cl. 312 (1972), and since the Government at trial did not specifically rely on 1965 profits or on the familiar volume principle, plaintiff was not properly put to its proof on either point. We do not agree.

With respect to 1965 profits as normal earnings, our examination of the transcript indicates that defense counsel's prepared questions for its expert witness, a copy of which was provided for opposing counsel before trial, included an inquiry specifically directed to 1965. Without objection defendant introduced in evidence a summary of plaintiff's profit position for the years 1962 through 1966, inclusive. On cross-examination defendant's expert testified that in his opinion profits as a percentage of sales remained fairly constant during this period, and that any of the years referenced could usefully be considered as a benchmark for evaluating earnings in 1967. In these circumstances, and particularly in view of the explicit wording of 50 U.S.C. App. § 1213(e)(1) (1970), we find that at the trial level plaintiff had notice that 1965 earnings could be taken into account. Plaintiff could have adduced rebuttal evidence on this point at the trial, yet for reasons of its own it did not.

The "volume principle," codified in 32 C.F.R. § 1460.10(b)(3) (1971), also found its way into this litigation at the trial level. Plaintiff's counsel elicited testimony to the effect that under "unusual circumstances" unit fees would be reduced; for example, as in the case of full production runs of ordnance previously fabricated only in much smaller pilot lots. Counsel inquired of his witness whether or not the Government had ever asked plaintiff to reduce fees because of larger quantities. Defendant's expert testified at some length respecting the profit-to-sales ratio. This line of questioning indicates notice that the volume concept was in the case, whether technically brought up by defendant in its evidentiary presentation or in the trial briefs. Moreover, the trial judge was required by law to take judicial notice of the content of 32 C.F.R. § 1460(b)(3) (1971). 44 U.S.C. § 1507 (1970). We think that plaintiff was clearly on notice of the presence of this issue at trial. We are not inclined to provide an opportunity for post-decision bolstering of contentions which we have already rejected. *See Carchia v. United States,* 485 F.2d 622, 626–27, 202 Ct.Cl. 723, 731–32 (1973).

The *amicus* brief raises two matters which merit further comment. First, Mr. Koehler suggests that we delete our citation of his remarks since they were made only with reference to firm fixed-price contracts. We note that he made no distinction between contracts of that species and those of the cost-plus-fixed-fee variety at the time of his speech. Moreover, 32 C.F.R. § 1460.10(b)(3) (1971) makes no such distinction. Second, our opinion specifically disclaims reliance on any single fact or factor as a rigid formula or fixed limitation on allowable profit. Normal earnings were but one of several factors entering our judgment, and we reiterate that view here. With due respect, plaintiff and amici misapprehend the thrust of the opinion.

It is therefore ordered that, upon reconsideration of the entire record, without oral argument, plaintiff's motion for reconsideration and additional trial is denied.