**KEETON CORRECTIONS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Dismas Charities, Inc., Intervening Defendant.**

**No. 04–132C.**

United States Court of Federal Claims.

April 2, 2004.

---

John G. DeGooyer, Washington, D.C., attorney of record for plaintiff, with whom were Philip A. Nacke and David T. Ralston, Jr., Washington, D.C., Of Counsel.

David S. Silverbrand, Washington, D.C., Department of Justice, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Robert E. Kirschman, Jr., Assistant Director for defendant. Tracey L. Printer, Assistant General Counsel, Federal Bureau of Prisons, Of Counsel.

Daniel S. Herzfeld, Washington, D.C., Dismas Charities, Inc., defendant-intervenor.

## ORDER

MEROW, Senior Judge.

The matter is now before the court on defendant-intervenor's motion for reconsideration of the March 9, 2004 Opinion granting declaratory judgment that the Federal Bureau of Prison's ("BOP") override of the automatic stay lacked a rational basis. In the Redacted Opinion, filed March 17, 2004, the court held that the BOP's override based on the alleged illegality regarding the continued use of purchase orders during the protest period was unsupported by the administrative record and contrary to existing law. *Keeton Corr., Inc. v. United States,* 59 Fed. Cl. 753 (2004). Therefore, the stay mandated by the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553(d)(3) remained in place. Subsequently, on March 18, 2004, Keeton withdrew its protest before the General Accounting Office ("GAO") and the stay was lifted allowing Dismas Charities, Inc. ("Dismas") to commence with performance. Dismas now alleges that the court relied upon a factual error that warrants reconsideration of the court's Opinion granting declaratory judgment. Specifically, Dismas contends that the court incorrectly stated that Keeton's purchase order price was lower than Dismas' price under the new contract. For the reasons stated below, defendant-intervenor's motion for reconsideration is **DENIED**.

## DISCUSSION

### Standard of Review

 Under Rule 59 of the Rules of the Court of Federal Claims ("RCFC"), a motion for reconsideration "may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1). The "decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). *See also Ammex v. United States,* 52 Fed.Cl. 555, 557 (2002); *Am. Renovation & Constr. Co. v. United States,* 45 Fed.Cl. 44, 54 (1999). A motion for reconsideration should be considered with "exceptional care." *Fru–Con Constr. Corp. v. United States,* 44 Fed.Cl. 298, 300 (1999) (citations omitted). Reconsideration of the court's determination "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" *Paalan v. United States,* 58 Fed.Cl. 99, 105 (2003) (quoting *Bishop v. United States,* 26 Cl.Ct. 281, 286 (1992)). The movant must demonstrate 1) an intervening change in controlling law; 2) that previously unavailable evidence has been discovered; or 3) that the motion is necessary to prevent manifest injustice. *See Seldovia Native Ass'n v. United States,* 36 Fed.Cl. 593, 594 (1996).

### Motion for Reconsideration

 In the motion for reconsideration, Dismas argues that the BOP's conclusion that purchase orders were resulting in increasing costs was rational and provided the basis for urgent and compelling circumstances to override the automatic stay. Therefore, Dismas contends that the court incorrectly dismissed the BOP's supplementation of the record that "the increasing cost of services currently performed without competition" supported the override decision. *See* Notice of Filing of Supplement to Administrative Record ("Def.'s Supplement") at 8. In the court's Opinion, it held that "neither the draft determination and findings nor the affidavit provide any support for the conclusion that performance of the required services by Keeton via purchase orders resulted in increasing costs." *Keeton,* 59 Fed.Cl. 753, 756–57. The record before the court demonstrated that Keeton was charging the same amount under the monthly purchase orders as it was paid under the option periods in the original contract. Administrative Record ("AR") at 2. There were no specific findings as to the amount of savings under the new contract. Instead, the court noted that plaintiff's complaint, which was verified by the declaration of Kimberly Keeton Spence, President and Chief Executive Officer of Keeton, alleged, without contradiction by Dismas, that it would provide its services to the BOP at a lower overall price than Dismas. *See* Pl.'s Verified Compl. ¶ 29.

Dismas' contention that it will suffer manifest injustice is without merit. Keeton has withdrawn its protest before the GAO and there is no impediment to Dismas' performance of the new contract. Contrary to its assertion, Dismas will no longer have to compete for purchase orders because the GAO is not considering a protest concerning its contract. The court's Opinion suggested that the BOP might have to resort to competitive purchase orders if the GAO sustained Keeton's protest resulting in an extended re-evaluation. However, Dismas does not in fact face such a situation. Therefore, Dismas' remaining contention is that it will suffer manifest injustice if the court's statement that the record indicated that Dismas was charging a higher price than Keeton is left standing.

However, Dismas "should not, on a motion for reconsideration, be permitted to attempt an extensive re-trial based on evidence which was manifestly available at the time of the hearing." *Gelco Builders & Burjay Constr. Corp. v. United States,* 177 Ct.Cl. 1025, 1036–37 n. 7, 369 F.2d 992, 1000 n. 7 (1966). As this court's predecessor held, allowing a party "to revive claims on motions for reconsideration based on facts that could have been argued when the matter was ruled upon negates the role of advocacy in litigation." *White Mountain Apache Tribe of Arizona v. United States,* 9 Cl.Ct. 32, 35 (1985). In-

**254**

stead, "the door closes on facts when a party has had full opportunity to adduce them." *Id.* Motions for reconsideration "should not be based on evidence that was readily available at the time the motion was heard." *Seldovia,* 36 Fed.Cl. at 594 (citing *Aerolease Long Beach v. United States,* 31 Fed.Cl. 342, 376, *aff'd,* 39 F.3d 1198 (Fed.Cir.1994) (Table)). The only evidence attached to the motion for reconsideration is the contract awarded to Dismas. *See* Dismas Charities, Inc.'s Mot. for Recons., Attach. 1. This evidence was readily available to Dismas during the court's consideration of the validity of the override decision and was not presented in the submissions any party filed with the court. Therefore, Dismas has failed to satisfy the burden required to grant a motion for reconsideration under RCFC 59. Even if the evidence now presented by Dismas were to be considered, it would not support reconsideration of the court's Opinion granting declaratory judgment. The mere fact that the new contract would provide savings to the government does not, itself, result in urgent and compelling circumstances that justifies overriding the automatic stay. *See PGBA, LLC v. United States,* 57 Fed.Cl. 655, 661–62 (2003). Moreover, the primary reasons asserted by the BOP for the urgent and compelling circumstances were all based on the asserted illegality of purchase orders under the Federal Acquisition Regulations ("FAR"). 48 C.F.R. § 13.003(a)(3), 48 C.F.R. § 13.003(c)(1). As explained in the court's earlier Opinion, the BOP's reasoning was contrary to existing law and unsupported by the record.

### CONCLUSION

Accordingly, as no valid basis for reconsideration has been shown it is **ORDERED** that Dismas' Motion for Reconsideration is hereby **DENIED.**[1]

---

1. Pursuant to RCFC 60(a), the court notes and corrects a non-substantive error that appears in the Redacted Opinion of March 17, 2004. All references to "13 C.F.R." in the Opinion should be read as "48 C.F.R." This error does not affect the court's analysis of the law, nor the outcome of the dispute.