ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                      )
                                                 )
Potomac Electric Corp.                           )   ASBCA No.      61371
                                                 )
Under Contract No.     SPRRA2-17-D-0028    )

APPEARANCE FOR THE APPELLANT:        Mr. Leny Chertov
                                        Vice President, Operations

APPEARANCES FOR THE GOVERNMENT:      Daniel K. Poling, Esq.
                                        DLA Chief Trial Attorney
                                      David A. Evers, Esq.
                                        Trial Attorney
                                        DLA Aviation
                                        Richmond, VA


OPINION BY ADMINISTRATIVE JUDGE YOUNG
ON RESPONDENT'S MOTION FOR RECONSIDERATION

Before us is a motion timely filed by the Defense Logistics Agency (respondent or government) requesting reconsideration of our Rule 12.2 decision dated July 30, 2019, granting the appeal filed by Potomac Electric Corporation (Potomac or appellant.) Familiarity with the facts of our previous decision is presumed. Pursuant to our rules, a decision under Rule 12.2 shall have no value as precedent, and in the absence of fraud, shall be final and conclusive and may not be appealed or set aside. We deny the motion.

We evaluate the motion against the familiar standard of determining whether the motion is "'based upon any newly discovered evidence or legal theories which the Board failed to consider in formulating its original decision.'" *Charitable Bingo Assocs., Inc.*, *d/b/a Mr. Bingo, Inc.*, ASBCA Nos. 53249, 53470, 05-2 BCA ¶ 33,088 at 164,014 (quoting *Danac, Inc.*, ASBCA No. 33394, 98-1 BCA ¶ 29,454 at 146,219). A motion for reconsideration is not intended to present a "'post-decision bolstering of contentions which we have already rejected.'" *Charitable Bingo Assocs.,* 05-2 BCA ¶ 33,088 at 164,014 (quoting *Mason & Hanger-Silas Mason Co., Inc. v. United States*, 523 F.2d 1384, 1385 (Ct. Cl. 1975)). Consistent with this principle, a party's "[d]isagreements with the trier of fact as to the weight accorded certain evidence and the inferences to be drawn from such evidence are not appropriate grounds for reconsideration." *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125 at 172,453 (citing *Walsky Constr. Co.*, ASBCA No. 41541, 94-2 BCA ¶ 26,698 at 132,784; *Grumman Aerospace Corp.*,

ASBCA No. 46834 *et al.*, 03-2 BCA ¶ 32,289 at 159,770, *aff'd*, 497 F.3d 1350 (Fed. Cir. 2007)). *See also Parsons Evergreene, LLC,* ASBCA No. 58634, 19-1 BCA ¶ 37,251 at 181,310 ("Motions for reconsideration are not intended to provide a party with an opportunity to reargue issues previously raised and denied.").

In ultimate analysis, respondent argues we should reconsider our decision because (1) the Board failed to address the government's argument that the parties did not mutually intend to contract; and (2) the Board's decision on contracting authority was based on facts unsupported by the record. These arguments were raised by the government in the course of this appeal and decided by the Board in our decision of July 30, 2019. The government has not offered any newly discovered evidence nor advanced any legal theories which the Board failed to consider, that would warrant vacating our decision. Respondent's disagreement with our findings does not make our findings in error. Respondent's motion for reconsideration is denied.

In its motion for reconsideration respondent objects to the use of expedited procedures in this appeal, and also requests that the motion for reconsideration be evaluated under regular Board Rules. Our rules bestow upon appellant the election to proceed under the provisions of Rule 12.2, Small Claims (Expedited) Procedure. This election must be made within 60 days after receipt of the notice of docketing "unless such period is extended by the Board for good cause." Board Rule 12.1(c). The Board permitted the appellant to make that election after the government's motion for summary judgment was resolved, having found good cause to extend the 60-day period as reflected in the Order of April 2, 2019. Respondent's objection is without merit. We have considered the arguments offered in support of respondent's request that the motion for reconsideration be evaluated under regular Board Rules, and find them without merit. The request is denied.

CONCLUSION

The motion for reconsideration is denied. Respondent's request to consider the motion under regular Board Rules is denied.

Dated: August 7, 2020

LIS B. YOUNG
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61371, Appeal of Potomac Electric Corp., rendered in conformance with the Board's Charter.

Dated:  August 7, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals
