ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Central Diversified Contracting, LLC | ) ASBCA No. 62585 |
| | ) |
| Under Contract No. W9127N-19-P-0163 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. Peter Draganic
                                                       President

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
                                                     Engineer Chief Trial Attorney
                                                     Nathaniel S. Canfield, Esq.
                                                     E. Christopher Lambert, Esq.
                                                     Engineer Trial Attorneys
                                                       U.S. Army Engineer District, Portland

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL
ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant, Central Diversified Contracting, LLC (CDC), has moved for reconsideration of the Board's Rule 12.3 merits decision dated January 5, 2021. CDC also requests leave to supplement the Rule 4 file. The Board denies the motions.

DECISION

The party moving for reconsideration "must demonstrate a compelling reason for the Board to modify its decision . . . . [In doing so] we look to whether there is newly discovered evidence or whether there were mistakes in the decision's findings of fact, or errors of law." *Bruce E. Zoeller*, ASBCA No. 56578, 14-1 BCA ¶ 35,803 at 175,103 (citing *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125). A motion for reconsideration is not intended to present a "'post-decision bolstering of contentions which we have already rejected.'" *Charitable Bingo Assocs. d/b/a Mr. Bingo, Inc.*, ASBCA Nos. 53249, 53470, 05-2 BCA ¶ 33,088 at 164,014 (quoting *Mason & Hanger-Silas Mason Co., Inc. v. United States*, 523 F.2d 1384, 1385 (Ct. Cl. 1975)). Consistent with this principle, a party's "[d]isagreements with the trier of fact as to the weight accorded certain evidence and the inferences to be drawn from such evidence are not appropriate grounds for reconsideration." *J.F. Taylor, Inc.*, 12-2 BCA ¶ 35,125 at 172,453 (citing *Walsky Constr. Co.*, ASBCA No. 41541, 94-2 BCA ¶ 26,698 at 132,784).

CDC states in its motion that "the Board does not appear to disagree with the quantum of the claim . . . but that it finds that CDC fails to prove entitlement . . ." (app.

mot. for recon. at 2). CDC's assertion is not accurate. The Board sustained the appeal in part, finding that the government was responsible for some delay, but the Board held that CDC had not proved its damages for additional days on site or for emergency administrative hours. *Central Diversified Contracting, LLC*, ASBCA No. 62585, slip op. at 3-4 (Jan. 5, 2021). For the reasons stated in the Board's decision, we did not find the evidence presented by CDC to be sufficient to carry its burden of proof with respect to the claimed hourly rates of $250 or $375 or the daily rate of $3,000 (*id.* at 3). CDC continues to argue the Board's weighing of the evidence in its motion (app. mot. for recon. at 3-6), but this is not a valid basis for reconsideration. *J.F. Taylor*, 12-2 BCA ¶ 35,125 at 172,453.

CDC also seeks leave to supplement the record with an additional document that, in its view, shows that it would have completed the project by November 15, 2019, but for the government's delay. Board Rule 13(c) provides that: "Except as the Board may otherwise order, no evidence will be received after completion of an oral hearing." The Board closed the record at the conclusion of the hearing on December 9, 2020 (tr. 1/77). Pursuant to Rule 13(c), a motion for reconsideration is generally not an appropriate time for submitting new evidence. CDC makes no showing that this evidence – an email – could not have been produced prior to or at the time of the hearing if CDC had exercised reasonable diligence in looking through its records. In any event, this email is cumulative of evidence that CDC presented at the hearing and which the Board found inadequate to prove that it would have completed the project by November 15 absent the government delay. CDC's motion to supplement is denied.

<u>CONCLUSION</u>

CDC's motions for reconsideration and to supplement the record are denied.

Dated: February 22, 2021

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

2

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62585, Appeal of Central Diversified Contracting, LLC, rendered in conformance with the Board's Charter.

Dated:  February 24, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals