ORDER

LETTOW, Judge.
On December 22, 2004, plaintiff, Norman Parsons, filed a complaint in this court on behalf of Linmar Property Management Trust (“Linmar Trust” or “Trust”), respecting a notice of deficiency issued by the Internal Revenue Service (“IRS”) that the Linmar Trust owed income taxes and penalties for the tax year ended December 31, 2000.[1] His complaint alleges that the IRS violated 26 U.S.C. § 6501 by issuing a notice of deficiency to the Linmar Trust without having made an assessment within three years after the pertinent return was filed. Complaint at 1, 3 (“Compl.”).[2] In addition, the complaint avers that the notice of deficiency “was entered” by the IRS in violation of 26 U.S.C. §§ 6201(a)(1), 6203, and 6211, and 26 C.F.R. § 301.6203-1. Compl. at 2.
The remedies Mr. Parsons seeks on behalf of the Linmar Trust are twofold. First, he demands that the IRS “cease and desist” its “illegal activity” and follow “law and procedure” in “any attempt to collect any alleged tax liability from Linmar.” Compl. at 3. Second, he seeks $250,000 in damages. Id.
The government has moved to dismiss Mr. Parsons’s complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims. A hearing on the motion was held on April 19, 2005. For the reasons that follow, the government’s motion is granted.
BACKGROUND
On September 23, 2004, the IRS sent notice of a deficiency to the trustee of the Linmar Trust pursuant to 26 U.S.C. § 6212(a). The notice stated that the Lin-mar Trust owed additional taxes in the amount of $140,935.33 for the 2000 tax year. Compl., Ex. A.[3] In addition, the IRS imposed on the Linmar Trust an accuracy-related penalty pursuant to 26 U.S.C. § 6662(a) in the amount of $28,187.07. Id. As of the date of the hearing in this case, the Trust had not paid the deficiency. Hr’g Tr. at 22. The record does not indicate whether the IRS had made an assessment by that date. Id. at 24.
ANALYSIS
The Tucker Act, 28 U.S.C. § 1491, supplies the primary jurisdictional predicate for cases brought before this court. Under *638 that statute, a complaint may be maintained in this court if, among other things, the claim presented in the complaint is “founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.” 28 U.S.C. § 1491(a)(1). The Tucker Act by itself, however, does not provide a substantive right of recovery against the United States. Rather, save for limited exceptions not implicated here, the statute confers jurisdiction only where the plaintiff identifies an accompanying substantive claim that “ ‘can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.’ ” United States v. Mitchell, 463 U.S. 206, 217, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (quoting United States v. Testan, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). See also United States v. White Mountain Apache Tribe, 537 U.S. 465, 473, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) (“a fair inference will do”). Mr. Parsons has not adequately alleged the existence of an express or implied contract nor has he identified a money-mandating constitutional provision, statute, or regulation that has been violated.
More specifically, Mr. Parsons does not make a claim for a tax refund, which, with very limited exceptions, is the only type of tax dispute over which this court has jurisdiction. See Shore v. United States, 9 F.3d 1524, 1526 (Fed.Cir.1993) (full-payment rule for tax refund claim does not require prepayment of interest and penalties when taxpayer only disputes tax assessment); Tonasket v. United States, 218 Ct.Cl. 709, 711-12, 590 F.2d 343 (1978) (full-payment rule applies to tax refund suits in Court of Claims under 28 U.S.C. § 1491); see also Flora v. United States, 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (same rule for tax claims brought before district courts under 28 U.S.C. § 1346(a)(1)).[4] Mr. Parsons asks “that the Court stop the illegal activities of the above mentioned Internal Revenue Service agents and order the said agents to follow procedure and obey the law in them dealings with [the Linmar Trust].” Plaintiffs Response to Defendant’s Notice to the Court at 2 (“Pl.’s Resp.”) (emphasis omitted); accord Compl. at 3. Consequently, Mr. Parsons primarily seeks declaratory or injunc-tive relief. The short answer to this claim is that “[t]he Tucker Act does not provide independent jurisdiction over such claims for equitable relief.” Brown v. United States, 105 F.3d 621, 624 (Fed.Cir.1997) (citing United States v. King, 395 U.S. 1, 2-3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)).[5]
Next, Mr. Parsons alleges that the notice of deficiency “was fraudulently manufactured” by the IRS. Compl. at 2. This claim is grounded upon a tort, a cause of action over which this court lacks jurisdiction. Brown, 105 F.3d at 623 (citing L’Enfant Plaza Props., Inc. v. United States, 227 Ct.Cl. 1, 645 F.2d 886, 892 (1981)). Similarly, Mr. Parsons avers that he “has made a claim for damages against the United States as the result of an illegally imposed tax debt upon [the] Linmar [Trust] by agents of the IRS, who violated the laws and codes of the United States and failed to follow administrative procedure.” Pl.’s Sur-reply at 2; see also Compl. at 3. Federal district courts possess exclusive jurisdiction over such claims. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed.Cir.2002) (quoting 26 U.S.C. § 7433(a)).
Mr. Parsons argues that the Tucker Act provides a further basis for this court’s jurisdiction over his complaint because “the liability of taxation is founded upon adhesion contracts held by the [United States] against [the Linmar Trust].” Pl.’s Sur-reply at 3; *639 see also Hr’g Tr. at 20, 22. Construing this allegation as far as possible in Mr. Parsons’s favor, the court interprets it as invoking the reference in the Tucker Act to congressional acts and regulations. See 28 U.S.C. § 1491(a)(1). However, the court’s jurisdiction on that basis is limited to laws requiring the payment of money damages as compensation for the alleged violation. Brown, 105 F.3d at 623 (citing Mitchell, 463 U.S. at 218, 103 S.Ct. 2961; Murray v. United States, 817 F.2d 1580, 1582-83 (Fed.Cir.1987)). The statutory provisions and regulation cited in Mr. Parsons’s complaint do not mandate the payment of money for their violation.
Mr. Parsons asserts that if this court lacks jurisdiction over his complaint, the Linmar Trust would have no legal recourse to challenge the deficiency. Pl.’s Resp. at 2-4. He is mistaken. Even though the ninety-day period after the issuance of the notice of deficiency for filing a petition with the Tax Court has expired, Mr. Parsons, on behalf of the Trust, can still pay the deficiency and penalty, submit a refund claim to the IRS, and then file suit in this court if the IRS either denies that claim or fails to respond to it within six months. See 26 U.S.C. §§ 6511(a), 6532(a)(1), 7422(a); United States v. Williams, 514 U.S. 527, 532-36, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).[6]
CONCLUSION
For the reasons set out above, the government’s motion to dismiss is GRANTED, and this case shall be dismissed for lack of subject matter jurisdiction. The clerk shall enter judgment dismissing the complaint. No costs.
It is so ORDERED.

. Mr. Parsons has brought this suit as trustee of the Trust, acting pro se. Pleadings filed on such a basis are held to less stringent standards than those proffered by attorneys. See Haines v. Ker-ner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Ware v. United States, 57 Fed. Cl. 782, 784 (2003). The court has drawn all reasonable inferences in Mr. Parsons’s favor and has construed his complaint as broadly as possible to determine whether any of the allegations state a cause of action cognizable before this court.

. Mr. Parsons represents that he is now the trustee of the Linmar Trust and that he had that' position at the time the notice of deficiency was issued. Hr’g Tr. at 6. For present purposes, the court assumes without deciding that Mr. Parsons is authorized to represent the Linmar Trust in this case. Mr. Parsons was not the trustee at the time the tax return for the Trust was filed for the 2000 tax year. Compl., Ex. B; Hr’g Tr. at 4.

. The notice of deficiency indicated that the IRS had disallowed deductions the Linmar Trust had made for income distribution, rental expenses, rental depreciation, capital gain on sale of land, and additional income from deposits. Compl., Ex. A (Form 4549-A). It is not determinable from the record before the court why these deductions were disallowed.
Income taxes were imposed on the Linmar Trust at the rates specified in 26 U.S.C. § 1(e), which rates me in effect equivalent to those for individuals.

. The exceptions to this overarching jurisdictional predicate rarely are invoked. See, e.g., 28 U.S.C. § 1507 (grant of jurisdiction to hear declaratory judgment actions under 26 U.S.C. § 7428, which concerns classification of entities pursuant to 26 U.S.C. § 501(c)(3) and related provisions of the Internal Revenue Code); 28 U.S.C. § 1508 (grant of jurisdiction over certain partnership proceedings under 26 U.S.C. §§ 6226 and 6228(a)); see also Brown & Williamson, Ltd. v. United States, 231 Ct.Cl. 413, 688 F.2d 747 (1982) (jurisdiction to allow interest on a tax refund pursuant to tax treaty that created right to retroactive refund of taxes).

. In construing this portion of the complaint in the light most favorable to plaintiff, the court does not interpret it to be "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a) (the Anti-Injunction Act).

. See 26 U.S.C. § 6511(a) (prescribing the period within which an administrative claim for refund must be filed as "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later”). The statute prescribing time limitations on suits for refund, 26 U.S.C. § 6532, provides:
(1) General rule. — No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
26 U.S.C. § 6532(a)(1).