NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5168

NORMAN PARSONS, on behalf of
LINMAR PROPERTY MANAGEMENT TRUST,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  March 10, 2006

_____

Before, RADER, SCHALL, and LINN, Circuit Judge.

RADER, Circuit Judge.

The United States Court of Federal Claims entered a judgment dismissing this case for lack of jurisdiction.  Although Norman Parsons did not timely file a notice of appeal on the judgment, this court considers his notice a timely filed notice of appeal on the denial of his motion for reconsideration.  Because Mr. Parsons did not show any grounds for reconsidering the Court of Federal Claims' judgment, this court affirms.

On December 22, 2004, Mr. Parsons filed a complaint in the Court of Federal Claims on behalf of Linmar Property Management Trust (Linmar) because the Internal Revenue Service (IRS) sought income taxes and penalties for the tax year ended December 31, 2000.  Mr. Parsons alleged that the IRS violated 26 U.S.C. § 6501, by

issuing a notice of deficiency to Linmar without making an assessment within three years. Therefore, Mr. Parsons contended that the notice of deficiency "was entered" by the IRS in violation of 26 U.S.C. §§ 6201(a)(1), 6203, and 6211, and 26 C.F.R. § 301.6203-1. Linmar has neither paid the tax at issue, nor filed a timely claim for refund with the IRS.

In his suit Mr. Parsons demands the IRS "cease and desist" its "illegal activity" and follow "law and procedure" in "any attempt to collect any alleged tax liability from Linmar." Mr. Parsons also seeks $250,000 in damages. After a hearing on the Government's motion to dismiss on jurisdictional grounds, the Court of Federal Claims entered a judgment dismissing the suit for lack of subject matter jurisdiction on May 24, 2005. Parsons ex rel. Linmar Property Mgmt. Trust v. United States, 65 Fed. Cl. 638 (2005). The Court of Federal Claims held that it had no jurisdiction under the Tucker Act, 28 U.S.C. § 1491, and that it had no jurisdiction for a claim grounded upon a tort. Parsons , 65 Fed. Cl. at 639-41. It also pointed out that the only tax-related dispute over which the court has limited jurisdiction was for a tax refund, but that Mr. Parsons did not make a claim for a tax refund. Id.

On July 13, 2005, after the ten-day deadline expired, Mr. Parsons filed a United States Court of Federal Claims Rule 59 motion for reconsideration. On July 26, 2005, the court denied the motion for reconsideration, because Mr. Parsons did not present any permissible ground on which the court should reconsider its judgment. On September 22, 2005, Mr. Parsons filed a notice of appeal to this court. Because a motion to reconsider does not toll the deadline to file a notice of appeal on the judgment, he did not timely file a notice of appeal. The sixty-day deadline to appeal the

judgment expired on September 12, 2005. F.R.A.P. 4(a)(4). However, because Mr. Parsons filed a notice of appeal within sixty-days of the denial of his motion for reconsideration, this court has jurisdiction to consider his appeal of the Court of Federal Claims' denial of his motion to reconsider.

This court reviews the Court of Federal Claims' denial of Mr. Parson's motion for an abuse of discretion. Mass. Bay Transp. Auth. v. United States, 254 F.3d 1367, 1368 (Fed. Cir. 2001) (citing Ajinomoto Co. v. Archer-Daniels-Midland Co., 228 F.3d 1338, 1350 (Fed. Cir. 2000). It is well recognized that "[a] motion for reconsideration is addressed to the discretion of the trial court." Triax Co. v. United States, 20 Cl. Ct. 507, 509 (1990) (citing Eyre v. McDonough Power Equip., 755 F.2d 416, 420 (5th Cir. 1985) (construing FRCP 59)); see Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Rule 59 of the United States Court of Federal Claims permits reconsideration for one of three reasons: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice. Henderson County Drainage Dist. No. 3. v. United States, 55 Fed. Cl. 334 (2003); see also Weyerhaeuser Corp. v. Koppers Co., 771 F.Supp. 1406, 1419 (D.Md. 1991). Post-opinion motions to reconsider are not favored, especially "where a party has had a fair opportunity to . . . litigate the point in issue." Prestex, Inc. v. United States, 4 Cl. Ct. 317, 318 (1984), *aff'd*, 746 F.2d 1489 (Fed. Cir. 1984) (citing Gen. Elec. Co. v. United States, 416 F.2d 1320, 1321 (Ct. Cl. 1969)). Generally, a motion under Rule 59 must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance

to sway the court." <u>Weaver-Bailey Contractors, Inc. v. United States,</u> 20 Cl. Ct. 158 (1990).

Mr. Parsons has not shown that an intervening change in the controlling law has occurred; that previously unavailable evidence is now available; or that the motion is necessary to prevent manifest injustice. Mr. Parsons presented a regulation that was available when the Government filed its motion to dismiss. Newly discovered evidence is only such evidence as could not have been discovered by exercise of due diligence prior to rendition of decision. <u>Girault v. United States</u>, 135 F.Supp. 521, 524 (Ct. Cl. 1955). Mr. Parsons also argued that the Court of Federal Claims did not correctly and completely address points and issues he raised. "Litigants should not, on a motion for reconsideration, be permitted to attempt an extensive retrial based on evidence which was manifestly available at [the] time of the hearing." <u>Gelco Builders & Burjay Constr. Corp. v. United States</u>, 369 F.2d 992, 1000 n. 7 (1966). This court finds no manifest error of law or mistake of fact, or that any manifest injustice required the Court of Federal Claims to reconsider its decision to dismiss this case for lack of jurisdiction. This court, therefore, affirms.