NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER KALOS, VERON KALOS,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2224

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00880-SGB, Judge Susan G. Braden.

---

Decided: November 9, 2016

---

PETER KALOS, Broad Run, VA, pro se.

VERON KALOS, Broad Run, VA, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges.*

PER CURIAM.

Peter and Veron Kalos ("Appellants") appeal a decision from the United States Court of Federal Claims ("Claims Court") dismissing their complaint as time barred. We *affirm*.

## BACKGROUND

Appellants are the owners and guarantors of Brickwood Contractors, Inc. ("Brickwood"). On July 25, 2003, the Federal Bureau of Prisons ("BOP") awarded Contract No. J202802c-11 to Brickwood to repair and repaint a water storage tank at the Federal Correctional Institution in Loretto, Pennsylvania. The BOP terminated the contract on September 15, 2005 because Brickwood failed to adequately perform its contractual obligations. After terminating the contract, the BOP sought compensation from Brickwood's surety, Greenwich Insurance Company ("Greenwich"). Greenwich paid the BOP $770,000 to resolve the dispute. Greenwich then sought repayment from Brickwood and its guarantors, the Appellants. Brickwood's performance bond with Greenwich was secured with real property owned by the Appellants. When Brickwood was unable to repay Greenwich in cash, Greenwich foreclosed on Appellants' real property.

On August 14, 2015, Appellants filed suit against the United States in the Claims Court, seeking a declaration that Contract No. J202802c-11 terminated on September 15, 2005 with no money due to the government. Appellants contend Greenwich would not have foreclosed on their real property had the government not terminated the contract with cause. The government moved to dismiss, arguing among other things that Appellants' complaint was time-barred under 28 U.S.C. § 2501. The Claims Court granted the motion, holding that Appellants

failed to bring suit within six years after their claim first accrued. Appellants moved for reconsideration, and the Claims Court denied the motion. Appellants appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Claims Court lacks jurisdiction to hear claims "unless the petition thereon is filed within six years after such claim first arises." 28 U.S.C. § 2501. A claim arises "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012); *see Bianchi v. United States*, 475 F.3d 1268, 1274 (Fed. Cir. 2007). Whether the Claims Court possesses jurisdiction over a claim is a question of law we review de novo. *FloorPro*, 680 F.d at 1381.

Appellants seek a declaration that Contract No. J202802c-11 terminated on September 15, 2005 with no money due to the government. Their claim accrued on September 15, 2005, the day the contract was terminated. Appellants did not file the underlying lawsuit until August 14, 2015, nearly ten years later. This falls outside the Claims Court's six-year jurisdictional window. *See id.* Even if the statute of limitations did not accrue until the BOP settled with Greenwich, Appellants' claim is still untimely because that settlement occurred by at least July 2008.

Appellants contend that despite their near ten-year wait to file suit, the Claims Court has jurisdiction under 28 U.S.C. § 1494. However, § 1494 does not toll the six-year statute of limitations under § 2501. *See Bianchi v. United States*, 68 Fed. Cl. 442, 453–55 (2005), *aff'd in relevant part* 475 F.3d 1268 (Fed. Cir. 2007). Therefore, the Claims Court lacked jurisdiction to hear Appellants' claim and properly granted the government's motion to dismiss.

CONCLUSION

The order from the United States Court of Federal Claims is *affirmed*.

**AFFIRMED**

COSTS

No costs.