NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER KALOS, VERON KALOS,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1695

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01821-EJD, Senior Judge Edward J. Damich.

---

Decided: September 6, 2018

---

PETER KALOS, VERON KALOS, Broad Run, VA, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER.

---

Before O'MALLEY, TARANTO, and STOLL, *Circuit Judges*.

PER CURIAM.

Plaintiffs-Appellants Peter and Veron Kalos appeal a decision of the U.S. Court of Federal Claims dismissing their action to settle an account with the government following the government's termination of a contract with Plaintiffs' company. *See Kalos v. United States*, No. 17-1821C, 2018 WL 912225 (Fed. Cl. Feb. 15, 2018) ("*Kalos III*"). Because we agree with the Claims Court that Plaintiffs' action is barred by res judicata, and, in any event, is untimely, we *affirm*.

## BACKGROUND

Plaintiffs are the owners and guarantors of Brickwood Contractors, Inc. In July 2003, Brickwood entered into a contract with the Federal Bureau of Prisons ("BOP") to repair and repaint a water tank at a correctional facility in Loretto, Pennsylvania. Plaintiffs acquired a payment and performance bond for the contract from Greenwich Insurance Company, which they secured with real property. In September 2005, BOP terminated the Brickwood contract for default and sought to collect from Greenwich on the bond. In February 2008, BOP resolved its claim against Greenwich by entering into a settlement agreement pursuant to which Greenwich paid BOP nearly $770,000. Greenwich thereafter sought recovery from Plaintiffs, who were unable to repay in cash, leading Greenwich to foreclose on Plaintiffs' property.

Over the course of the next nine years, Plaintiffs filed three actions against the government in the U.S. Court of Federal Claims ("Claims Court") based on the Brickwood contract. First, in September 2008, Plaintiffs filed suit alleging that the settlement agreement between BOP and Greenwich led to an illegal exaction, and that the resulting foreclosure of Plaintiffs' property constituted a taking in violation of the Fifth Amendment. The Claims Court

dismissed Plaintiffs' suit for failure to state a claim and lack of subject matter jurisdiction, *Kalos v. United States*, 87 Fed. Cl. 230 (2009), and we affirmed, *Kalos v. United States*, 368 F. App'x 127 (Fed. Cir. 2010) (collectively, "*Kalos I*").

Second, in August 2015, Plaintiffs filed suit alleging that the Brickwood contract was an unsettled account under 28 U.S.C. § 1494, which grants the Claims Court "jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States." The court dismissed Plaintiffs' claim as barred by the applicable six-year statute of limitations, *Kalos v. United States*, No. 15-880 C, 2016 WL 1073275, at *1 (Fed. Cl. Mar. 17, 2016), and we again affirmed, *Kalos v. United States*, 670 F. App'x 714 (Fed. Cir. 2016) (per curiam) (collectively, "*Kalos II*").

Finally, in November 2017, Plaintiffs filed the present action, again seeking "to ascertain the amount, if any, due to the United States" under § 1494 following termination of the Brickwood contract. *Kalos III*, 2018 WL 912225, at *2. The Claims Court again dismissed the case, this time under the doctrine of res judicata, finding that its decisions in *Kalos I* and *II*, which we affirmed, barred Plaintiffs' suit. *See id.* at *2–3. The court also found that Plaintiffs' claim was time-barred by the six-year statute of limitations. *See id.* at *3 n.3. Plaintiffs thereafter filed a motion for reconsideration and a request for a hearing, which the court denied.

Plaintiffs appealed. We have jurisdiction under 28 U.S.C. 1295(a)(3).

## DISCUSSION

Res judicata—also known as claim preclusion— provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigat-

ing issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata applies when "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). We review the Claims Court's dismissal of a claim based on res judicata de novo. *Cunningham v. United States*, 748 F.3d 1172, 1175 (Fed. Cir. 2014).

We agree with the Claims Court that Plaintiffs' suit is barred by res judicata. First, the parties in this action are identical to those in *Kalos I* and *II*—Mr. and Mrs. Kalos as plaintiffs, and the United States as defendant. *See Kalos III*, 2018 WL 912225, at *3. Second, the prior actions proceeded in the Claims Court to final judgments on the merits, which we affirmed. *Id.* In *Kalos I*, we held that the sale of Plaintiffs' properties did not constitute an impermissible taking, and that Plaintiffs failed to make out an illegal exaction claim based on Greenwich's settlement with BOP. *Kalos I*, 368 F. App'x at 130–31. We therefore affirmed the Claims Court's dismissal for failure to state a claim of Plaintiffs' takings claim, as well as the court's dismissal for lack of subject matter jurisdiction of Plaintiffs' illegal exaction claim. *Id.* The dismissal for failure to state a claim constitutes a final judgment on the merits. *See Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992).

In *Kalos II*, we held that Plaintiffs' "near ten-year wait to file suit" was untimely and barred by the statute of limitations. *Kalos II*, 670 F. App'x at 715. This, too, constitutes a final judgment on the merits. *See Hornback v. United States*, 85 F. App'x 758, 761–62 (Fed. Cir. 2004) (per curiam) ("[T]he dismissal of a claim as barred by the statute of limitations . . . is considered a judgment on the

merits for purposes of claim preclusion."); *McColpin v. United States*, 867 F.2d 615 (Table) (Fed. Cir. 1989) (per curiam) (applying res judicata where previous suit "was dismissed for lack of jurisdiction by reason of passage of the six-year statute of limitations of 28 U.S.C. § 2501"). Finally, Plaintiffs' claim here is based on the same set of transactional facts as the 2008 and 2015 actions. All three cases involve the Brickwood contract and the settlement agreement between BOP and Greenwich. *See Kalos III*, 2018 WL 912225, at *3. We presume that "all claims arising out of the same contract constitute the same claim for purposes of *res judicata*." *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1273 (Fed. Cir. 2008).

All three prongs being satisfied, we see no error in the Claims Court's decision applying res judicata to the facts here. *Watson v. United States*, 349 F. App'x 542, 544 (Fed. Cir. 2009) (per curiam) ("We agree with the government that *res judicata* bars Mr. Watson's claims before the Claims Court because he again seeks jurisdiction under § 1494 for the same parties and claims.").[1]

---

[1] Plaintiffs also appear to challenge the Claims Court's denial of their motion for reconsideration. To prevail on a motion for reconsideration under Rule 59 of the U.S. Court of Federal Claims, the movant must identify an intervening change in controlling law, the availability of previously unavailable evidence, or that granting the motion would prevent manifest injustice. *See Parsons ex rel. Linmar Prop. Mgmt. Tr. v. United States*, 174 F. App'x 561, 563 (Fed. Cir. 2006). We review the Claims Court's order denying Plaintiffs' motion for an abuse of discretion. *Id.* Here, Plaintiffs fail to demonstrate that any of the limited grounds for reconsideration apply in this case. In fact, in denying Plaintiffs' motion, the Claims Court found that Plaintiffs "added no new evi-

We also agree with the Claims Court that, to the extent it had jurisdiction over Plaintiffs' § 1494 claim,[2] that claim was time-barred. *See Kalos III*, 2018 WL 912225, at *3 n.3. Plaintiffs filed their complaint in November 2017, more than twelve years after BOP terminated the Brickwood contract and more than nine years after BOP and Greenwich settled their dispute. Plaintiffs' suit is therefore barred by 28 U.S.C. § 2501's six-year statute of limitations period, just as it was in *Kalos II*. *See Kalos II*, 670 F. App'x at 715 (holding that Plaintiffs' claim accrued no later than July 2008 and that "§ 1494 does not toll the six-year statute of limitations under § 2501").

CONCLUSION

We have considered Plaintiffs' remaining arguments and find them unpersuasive. For the reasons stated above, we *affirm* the Claims Court's decision.

**AFFIRMED**

COSTS

No costs.

---

dence or law[]" to the case. J.A. 5. The court did not abuse its discretion by denying Plaintiffs' motion.

[2]    Because the Claims Court found that the case was barred by res judicata, it did not address the government's argument that the court lacked jurisdiction over Plaintiffs' § 1494 claim. *See Kalos III*, 2018 WL 912225, at *2 & n.1.